UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH STURGEON, SARA GAIL MERCER, MICHELLE BALLARD, ANGIE NELSON, JOHN STEWART, JR., RICKEY HAYS, LEVI HAYNES, JASON HAMPTON, JONATHAN JULIAN, VICTOR SPARKS, AND TAMIKA LIEBHART, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:12-cv-1099 WTL-DKL |
| AT&T TELEHOLDINGS, INC., INDIANA BELL, INC., AMERITECH SERVICES, INC., AND AT&T SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS**

## I.  INTRODUCTION

This is a case in which Plaintiffs seek to recover compensation for work that

they never allege doing.  Bundling past and present employees who, according to

the Complaint, performed varied jobs with varied technical duties, Plaintiffs bring

this putative collective and class action against Defendants to challenge

"restrictions" placed on their lunch breaks.  Specifically, with the exception of a

small number of Plaintiffs who allegedly performed work "guard[ing]" manholes,

Plaintiffs rest their Complaint on the allegation that broad geographic limitations

on the place they could take their breaks, and alleged limitations on how they could conduct themselves within company-owned vehicles, render their meal breaks (*whether taken inside or outside of those company vehicles*) compensable.

These allegations state no claim for relief. The FLSA requires that Plaintiffs plead that they performed substantial work duties on their lunch breaks, not that their lunch breaks were subject to geographic or other restrictions. Courts have routinely rejected claims that "restrictions" more onerous than those alleged in the Complaint convert lunch breaks into compensable work time. And Plaintiffs compound their pleading shortcoming by failing to allege—even with respect to the Plaintiffs who claim to have guarded manholes—when, where, or how often they were improperly compensated. Offering nothing more than bald assertions that potentially thousands of current and former employees did not receive overtime compensation for performing largely un-alleged tasks, with un-alleged frequency, during lunch periods that occurred over an un-alleged time period, Plaintiffs' Complaint gives no fair notice of Plaintiffs' claims and should be dismissed.

Nor do the deficiencies in Plaintiffs' Complaint end with their FLSA claims. Plaintiffs' claims under the Indiana Minimum Wage Act fail both because the Complaint's allegations show that no Defendant is an "employer" within the meaning of that statute and because Plaintiffs have pled their claim as a Rule 23 class action rather than an "opt-in" collective action, as the statute plainly prescribes. Because Plaintiffs' claims do not exist under the plain language of two

separate sections of the Indiana Minimum Wage Act, all of Plaintiffs' state-law claims should be dismissed.

## II. BACKGROUND

### A.  Overview Of  Plaintiffs' Complaint

On August 10, 2012, the eleven named Plaintiffs filed this putative collective and class action against Defendants AT&T Teleholdings, Inc., Indiana Bell Telephone Company, Inc. (improperly named in Plaintiffs' Complaint as "Indiana Bell, Inc."), Ameritech Services, Inc., and AT&T Services, Inc. (collectively, "Defendants") seeking damages for "unpaid wages and overtime" under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Indiana Minimum Wage Act (the "Minimum Wage Act"), Ind. Code § 22-2-2, *et seq.* (Dkt. No. 1 [hereafter "Compl."] ¶ 1.)  Plaintiffs allege that each Defendant is their "'employer' within the meaning of" both the FLSA and the Minimum Wage Act. (*Id.* ¶ 9.)  The Complaint alleges, in substance, that Defendants violated both the FLSA and the Minimum Wage Act by not paying Plaintiffs wages and/or overtime for time spent on lunch breaks. (*See, e.g.*, *id.* ¶¶ 1, 21.)

### B.  Plaintiffs' Putative Class And Collective Action Claims

Plaintiffs allege that they are, or were, "field technicians" employed by Defendants. (Compl. ¶¶ 5, 10, 20.)  They seek certification of their FLSA claims as a collective action pursuant to 29 U.S.C. § 216, and certification of their state Minimum Wage Act claims as a class action under Federal Rule of Civil Procedure 23. (*Id.* ¶¶ 7, A, 10, B.)  Plaintiffs allege that Defendants currently employ

3

"approximately 1300 technicians throughout Indiana," but they bring their class claims on behalf of "all" current *and* former Indiana "field technicians."  (*Id.* ¶¶ 10, 20.)

While Plaintiffs repeatedly refer to themselves as "field technicians," they acknowledge that they and the proposed classes they seek to represent hold different jobs that require them to perform varied "technical duties." (Compl. ¶ 20.) Specifically, Plaintiffs allege that some of them perform "construction" work. (*Id.*) Others do "installation and repair" work. (*Id.*) Others work in "engineering." (*Id.*) And still others work on "packaged internet, phone, and cable" services as "U-Verse" technicians. (*Id.*) Further demonstrating differences amongst the Plaintiffs, the Complaint alleges that "*some*" technicians perform "underground cable (or manhole) work." (*Id.* (emphasis added).)

### C.    Plaintiffs' Disparate Lunch Break Allegations

The gravamen of Plaintiffs' Complaint is that during "the period relevant to this lawsuit"—which Plaintiffs do not define—Plaintiffs' shifts included "an unpaid lunch break of either 30 or 45 minutes" that was "subject to heavy restriction." (*See* Compl. ¶ 21.)  For the most part, Plaintiffs' allegations focus not on any work they performed during their lunch breaks, but on restrictions concerning where they can go during breaks and what they can do during breaks *in the event they elect to remain in the company-owned vehicle*.  For example, although they admit that they are free to eat lunch at "eating establishments outside of their vehicles," Plaintiffs allege that their choices of restaurants are limited because they "are prohibited

4

from deviating more than one-half mile" from their route between job sites.  (Compl. ¶ 23.)  Plaintiffs appear to acknowledge that this "restriction" only applies to where they may go in their company vehicles, and they never allege (because they cannot) that Defendants require Plaintiffs to remain in their vehicles during their lunch breaks.  (*See* Compl. ¶ 23-24.)  Even so, Plaintiffs complain that they are not permitted to engage in "personal activities such as reading newspapers, magazines, or books . . . napping, or using personal laptops or CD players" in the event they choose to take their breaks in the company's vehicles.  (*Id.* ¶¶ 25-26.)

Plaintiffs also allege that the "restrictions" discussed above, along with Defendants' "productivity-based performance ranking system," put "pressure" on them to work.  (*See* Compl. ¶¶ 27-30.)  But there are no factual allegations in the Complaint that identify any work-related task that this "pressure" actually led them to perform during their breaks.

Finally, for a small (and unidentified) subset of the putative class, Plaintiffs allege that they are subject "to the specific restriction that they must remain at the manhole and guard it throughout the lunch break." (Compl. ¶ 22.)  However, as to this allegation (as with all others), Plaintiffs provide no specificity as to when or how often this occurred, or how many class members this allegedly impacted.  Nor is there any allegation that provides an approximation of any kind of when Plaintiffs were not paid overtime or how much overtime they worked.

5

## III.  STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility threshold, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The Seventh Circuit has held that this standard requires plaintiffs to "provid[e] some specific facts" to support their legal claims. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *McCauley v. City of Chicago*, 671 F.3d 611, 616-17 (7th Cir. 2011) (discussing how "[t]he required level of factual specificity rises with the complexity of the claim").  Moreover, the facts alleged must, if true, show that the claimant is entitled to relief.  If a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV.  ARGUMENT

### A.   Plaintiffs Have Not Adequately Pled A FLSA Claim

i)   <u>Plaintiffs Fail To Allege That They Worked Overtime</u>

The FLSA places the burden on Plaintiffs of "proving that [they] performed ... *work* for which [they were] not properly compensated." *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 173 (7th Cir. 2011) (emphasis added).  In the Seventh Circuit,

BDDB01 9506141v5

lunch breaks are compensable work time only if the employee's time is "spent predominantly for the benefit of the employer." *Barefield v. Village of Winnetka*, 81 F. 3d 704, 710 (7th Cir. 1996). In other words, the employee's attention must be "devoted *primarily* to official responsibilities." *Leahy v. City of Chicago, Ill.*, 96 F.3d 228, 230 n.2 (7th Cir. 1996) (emphasis added). The "crucial question" is thus "whether plaintiffs are engaging in substantial duties during their meal periods." *Myracle v. Gen. Elec. Co.*, 33 F.3d 55, at *6 (6th Cir. 1994); *see also* 29 C.F.R. § 785.19(a) (describing "bona fide meal period" as whether the employee was "required to perform any duties, whether active or inactive, while eating").

With the exception of the insufficiently pled allegation addressed below, Plaintiffs' Complaint fails to address this "crucial question" of whether Plaintiffs performed "substantial duties" during their breaks. Indeed, the Complaint does not allege that these Plaintiffs performed *any* work-related tasks for Defendants during their lunch breaks. (*See, e.g.*, Compl. ¶ 23 (alleging that Plaintiffs are prohibited "from deviating more than one-half mile from [their] routes," but identifying no work task they must perform because of the restriction); *id.* ¶ 24 (complaining that Plaintiffs cannot perform certain activities in their company vehicles after they finish eating, but not alleging that they perform work tasks).)

In focusing only on what they supposedly could *not* do on their lunch breaks, rather than on identifying even one task Plaintiffs performed for the predominate benefit of Defendants, Plaintiffs have failed to establish that they are entitled to relief under the FLSA. As one court has explained, the predominate benefit test

7

"look[s] not just at what Plaintiffs *could not do* during their lunch breaks; [it] also look[s] at what Plaintiffs *could,* and *in fact did,* do during their lunch breaks." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 729 F. Supp. 2d 1038, 1063 (S.D. Iowa 2010) (emphasis in original).  Thus, "to state a valid claim with respect to meal periods," Plaintiffs must allege that they "performed a significant affirmative responsibility while on their meal breaks."  *Busk v. Integrity Staffing Solutions, Inc.*, No. 2:10–CV–01854–RLH, 2011 WL 2971265, at *5 (D. Nev. July 19, 2011) (dismissing putative class and collective action complaint that failed to allege that plaintiffs "performed any duty related to their jobs" during their lunch break); *see also Barefield*, 81 F.3d at 710 (holding meal breaks were "not compensable under the FLSA" in case in which plaintiffs did "not allege that [they] had *any* duties during their meal period"); *Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-2353, 2011 WL 3950892, at *2 (N.D. Ill. Sept. 1, 2011) (dismissing putative collective and class action claims that did "not clearly state that [plaintiff] was forced to work without pay over any of her lunch breaks"); *Brown v. Howard Indus.*, 116 F. Supp. 2d 764, 766 (S.D. Miss. 2000) (granting motion to dismiss in case in which complaint failed to allege that plaintiffs "performed or were requested to perform any employment duties or responsibilities during" their thirty-minute lunch breaks).[1]  Because

---

[1] The requirement that Plaintiffs plead some facts showing that they performed substantial tasks for Defendants' benefit during their lunch breaks is amply illustrated in cases in which courts have cited well-pled work tasks as a basis for denying a motion to dismiss or motion for judgment on the pleadings.  *See, e.g., Alexander v. City of Chicago*, 994 F.2d 333, 334-35 (7th Cir. 1993) (noting that officers had to "respond to emergencies and requests for assistance by the public," were subject "to report and review by inspectors during meal periods," and had to remain in full uniform while adhering to myriad regulations regarding conduct in uniform"); *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2:10-CV-04175-NKL, 2011 WL 1131100, at *3 (W.D. Mo. Mar. 28, 2011) (denying motion to dismiss where plaintiffs "had sufficiently described an ongoing policy by which State Farm routinely

Plaintiffs, with the minor exception addressed below, have not made any such allegations, the Court should dismiss their claims.

ii.)     Plaintiffs' Allegations That Some Of Their Lunch Break Activities Were Restricted Do Not State A Plausible Claim For Relief Under the FLSA

Plaintiffs apparently contend that alleged restrictions on their lunch breaks bridge the gap between "possibility and plausibility of entitlement to relief" under the FLSA predominate benefit test. *Iqbal*, 556 U.S. at 678. They do not. A restriction on what an employee can do or where he can go on a break—even if it provides a "benefit[]" to the defendant—"does *not* mean that the plaintiffs' meal breaks are predominantly for the [employer's] benefit." *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1347 (11th Cir. 1994) (emphasis added); *see also Busk*, 2011 WL 2971265 at *5 (holding that a meal period does not need "to be free of an employer's control, only free of employment duties"). And the specific restrictions that Plaintiffs allege exist here pertaining to what they can and cannot do in company vehicles do not raise their right to relief above the speculative level.

Consider Plaintiffs' allegation that they are "prohibited from deviating more than one-half mile" from their routes during lunch breaks if they decide to remain in their company vehicle. (Compl. ¶ 23.) Plaintiffs say this alleged limitation means that their lunch breaks are subject to "heavy restriction." (*Id.* ¶ 21.) But even assuming the regulation of Plaintiffs' use of the company-owned vehicle

---

requires that work tasks such as logging into computer programs, answering emails, and completing phone calls be performed before and after shifts and during lunch breaks").

constitutes a "geographic restriction,"[2] the law is clear that geographic restrictions on employees' movement do not require them "to devote either their time or their attention to official responsibilities." *In re Chicago Police Dept. F.L.S.A. Meal Period Litig.*, No. 89 C 9354, 1995 WL 144500, at *8 (N.D. Ill. Mar. 30, 1995). For that reason, courts—and even the Department of Labor—have uniformly concluded that *even when an employer requires its employees to remain on company premises during lunch breaks*, that does not convert lunch breaks to compensable work time. *See, e.g.*, *Haviland*, 729 F. Supp. 2d at 1062 ("[S]ubstantial law supports a finding that merely requiring an employee to remain on the employer's premises does not convert meal break time into compensable working time"); *Brown*, 116 F. Supp. 2d at 766-67 ("The Court . . . has not found a single case in which a court held a lunch break compensable simply because employees were required to stay on their employer's premises during that break."); DOL Wage & Hour Div. Opinion Letter, No. FLSA2004-7NA (2004) (concluding that meal periods were not compensable even though employees were "restricted to a small lunchroom and cannot change clothes, make phone calls, or smoke, and cannot leave the building").[3] Given that

---

[2] Plaintiffs' Complaint does not include any factual allegations that the alleged requirement to remain "in route" would apply if Plaintiffs chose to walk or use some other type of transportation to get to a break location. And their affirmative allegations suggest that it does not. (*See* Compl. ¶ 32 (making allegations concerning "GPS systems in each *vehicle*" (emphasis added).) As such, the restriction is not one of geographic limitation but simply on the use of the company-owned vehicle.
[3] *See also* 29 C.F.R. § 785.19(b) ("It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period."); *Busk*, 2011 WL 2971265 at *5 (granting motion to dismiss overtime claims although employees were required to eat lunch at a "remote cafeteria"); *Bridges v. Amoco Polymers, Inc.*, 19 F. Supp. 2d 1375, 1379 (S.D. Ga. 1997) (holding meal period was not working time even though plaintiff had to remain at the plant and inform her supervisor of her location); *Kaczmerak v. Mount Sinai Med. Ctr.*, No. 86–C–0472,1988 WL 81633, at *2 (E.D. Wis. Feb. 24, 1988) (holding lunch breaks were not compensable even though plaintiffs were "required to remain on the [employer's] premises").

courts and the Department of Labor have approved break restrictions to employer premises and "small lunchroom[s]," Plaintiffs' allegation that if they choose to break in a company vehicle they have to remain within a half-mile of their route falls well short of supporting any claim.

Plaintiffs' additional allegation that they cannot "read[] newspapers, magazines or books . . ., nap[] or us[e] personal laptops or CD players" while on break does not bolster their claim.  Once again, Plaintiffs do not allege (because they cannot) that Defendants require them to take breaks only in their company-owned vehicles, or that Defendants place any restrictions on activities conducted outside their vehicles.  (Compl. ¶ 25.)  Thus, this allegation pertains only to limitations (allegedly) imposed as to the use of company vehicles.  *See generally Albee v. Vill. of Bartlett, Ill.*, 861 F. Supp. 680, 687 n.17 (N.D. Ill. 1994) (rejecting argument that rule "proscribing newspaper reading in squad cars" made break time compensable because "[n]o one disagrees . . . that officers are free to read whatever they want anywhere else").[4]  Manifestly, the FLSA does not require that employers open their company vehicles to employees for any purpose they wish during their lunch breaks.  Moreover, putting this issue aside, even assuming that Plaintiffs' activities within vehicles are restricted during breaks, this does not mean (or even

---

[4] What is more, even if Plaintiffs were not free to read, nap, or engage in other activities *outside* of their company vehicles, courts have specifically rejected arguments that such restrictions make break time compensable work time.  *See Jonites*, 522 F.3d at 724 ("Being forbidden to sleep during a short lunch break cannot be too great a hardship, as it is hard to sleep and eat at the same time."); *Albee*, 861 F. Supp. at 688 n.19 (rejecting argument that break time was compensable because officers were not permitted to read in their squad cars or "to sleep or nap during lunch").

suggest) that Plaintiffs are performing work for the "predominant benefit" of Defendants.  The fact remains that Plaintiffs have not alleged that they are performing compensable work, as is required to support a claim under the FLSA. (*See* Compl. ¶30 (acknowledging that Plaintiffs may sit in their vehicles "*doing nothing*" during their breaks (emphasis added)).)

Plaintiffs' allegations thus flounder because the restrictions they point to, even if true, cannot establish that they spent their lunch breaks doing work for the predominate benefit of Defendants.  *Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMC, 2010 WL 457690, at *5 (S.D. Cal. Jan. 26, 2010) (dismissing putative class and collective action claims because the "well-pleaded fact" that defendant engaged in certain conduct "accepted as true, did not plausibly suggest" a violation of the FLSA.  At most, the restrictions are consistent with a scenario in which some employees *may* have performed work during lunch breaks.  This is not sufficient to plead a claim.  *McCauley*, 671 at 616 (allegations that are "'merely consistent with' an entitlement to relief" state no plausible claim for relief (quoting *Twombly*, 550 U.S. at 557)); *see also Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (dismissing claims that were merely consistent with wrongdoing as "too vague to provide notice" of plaintiff's claim).

### iii.) Plaintiffs' Allegations That They Felt "Pressure" to Work During Breaks Does Not State an FLSA Claim

Nor do Plaintiffs' allegations that they felt "pressure" to work during lunch breaks save their deficient FLSA claim. (Compl. ¶¶ 29-30.) Fundamentally, feeling "pressure" to work and actually working are two different things, and only the latter is compensable under the FLSA. *See* 29 C.F.R. § 553.221 ("Compensable hours of work generally include . . . [all] time during which the employee is suffered or permitted to *work* for the employer." (emphasis added)).

No less importantly, drawing an inference that Plaintiffs *did* work based on their allegation that they felt "pressure" to work would require multiple speculative leaps that *Twombly* and *Iqbal* do not permit. First, in view of Plaintiffs' class allegations, the Court would have to presume that the named Plaintiffs and the putative class responded to this "pressure" in the same way (*e.g.*, by working). But there are no factual allegations to support such an inference, and it would be "preposterous" to assume that even if some Plaintiffs responded to "pressure" by working, the potentially thousands of members of the putative class did the same. *See Jonites v. Exelon Corp.*, 522 F.3d 721, 725-26 (7th Cir. 2008) (rejecting the argument that because some employees may sometimes do work at lunch, all employees are entitled to pay during their lunch break).[5]

---

[5] *See also Briggins v. Elwood TRI, Inc.*, 1:08-CV-01861-KOB, 2012 WL 1699856, at *1 (N.D. Ala. Mar. 29, 2012) ("The distinction between a compensation system that structurally results in unpaid overtime as opposed to one that pressures some plaintiffs to work off the clock is significant, because the extent to which plaintiffs worked off the clock—and whether such work even occurred—varies materially among the class.").

BDDB01 9506141v5

Second, because not all "work" necessarily makes a lunch break compensable work time, the Court would have to further assume that the "pressure" resulted in Plaintiffs performing duties that were significant enough to make them the "primary" focus of their lunch breaks. *See generally Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1158 (10th Cir. 1992) (rejecting the assertion "that the performance of *any* official duty, no matter how insignificant, during meal periods rendered the time compensable"). But there are no factual allegations in the Complaint that support that inference either. In fact, Plaintiffs' allegation that they felt "pressure" to work is, at best, no better than a conclusory allegation that they "worked" overtime. As the Seventh Circuit has noted, however, such allegations "contribute nothing to the plausibility analysis under *Twombly/Iqbal*" because they merely recite an "element[] of the cause of action" for overtime under the FLSA. *McCauley*, 671 F.3d at 617-18.[6]

Having failed to plead the basic elements of an overtime claim or otherwise show that such a claim is plausible, Plaintiffs' claims should be dismissed. *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-03 (D. Iowa 2008) (holding overtime claim could not withstand motion to dismiss where "there [was] not, on the face of the Amended Complaint, a single *factual* allegation that would permit an

---

[6] For this reason, the allegation in paragraph 11 of the "State Law Class Allegations" section of the Complaint that Defendants permitted "Plaintiffs and the class to perform work for the Company's benefit during unpaid lunch breaks" cannot save Plaintiffs' claims because it simply parrots the predominate benefit test. *McCauley*, 671 F.3d at 617 (noting that "the legal elements of the various claims that [plaintiff] has asserted . . . are not factual allegations").

14

inference that even one member of the plaintiffs' collective [class] has a 'right to relief above the speculative level'" (emphasis original)).

> iv.)   Plaintiffs' Allegations Regarding "Manhole" Work Lack The Specificity Needed To Support Their Claim

The only arguable allegation in the complaint that some (unidentified) Plaintiffs are performing some (unquantified) work during meal breaks is the allegation that certain technicians allegedly "guarded" manhole covers.  (Compl. ¶ 22.)  But, even assuming that this allegation identifies a work-related task,[7] and otherwise satisfies the "predominant benefit" test, Plaintiffs have made no allegations specifying who these technicians are, when or where they worked, how often they worked overtime, or how many members of the proposed class (although it would undoubtedly be a small number) "guard[ed]" manholes during breaks.  In short, they have pled no facts to support their claim, much less to allege a viable class.  *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 495 (7th Cir. 2012) (discussing insufficiency of allegations in which "there is no way to know or readily ascertain who is a member of the class"); *see also John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings.").

This pleading deficit is particularly glaring in a case of this complexity.  The Seventh Circuit has emphasized that in complex cases the complaint "will require

---

[7] Defendants do not concede that any Plaintiff actually guarded a manhole during a lunch period or that, even if a Plaintiff did, such an action is sufficient to satisfy the predominate benefit test.

more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).  And even if some FLSA cases lack complexity, *this* case does not.  Indeed, Plaintiffs' allegations purport to cut across thousands of current and former employees of four corporate entities, who worked different jobs with varying technical duties, at geographic locations spread across Indiana.  (Compl. ¶¶ 10, 20-21.)

And fair notice of a claim under the FLSA requires more than what Plaintiffs have pled here.  As Judge Magnus-Stinson recently noted when dismissing an FLSA putative collective action, Rule 8 requires some allegation of "[h]ow often and when [the named plaintiff] and others were allegedly shorted." *White v. Classic Dining Acquisition Corp.*, No. 1:11-cv-712-JMS-MJD, 2012 WL 1252589, at *5 (S.D. Ind. Apr. 13, 2012).  But Plaintiffs have not made any such allegation with respect to the technicians who supposedly guarded manholes—or anyone else. *Cf. Wilson v. Pioneer Concepts, Inc.*, No. 11–cv–2353, 2011 WL 3950892, at *3 (N.D. Ill. Sept. 1, 2011) (holding that allegations "that unidentified employees worked an unidentified number of extra hours during lunch breaks" were "insufficient to put [defendant] on notice of a plausible FLSA claim").  Nor have they even hinted at the approximate amount of overtime compensation they or putative class members are owed. *See, e.g., DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 510 (E.D.N.Y. 2011) (holding "the burden placed on plaintiffs [at the pleading stage]

16

is not an onerous one.  . . . [they are only] required to provide some approximation of the overtime hours that they worked").[8]

Allegations that thousands of current and former employees spread across the entire state performed generally unspecified tasks during their lunch breaks, during an unspecified period of time and, with unspecified frequency, worked over 40 hours per week, do not give fair notice of any claim.  And for this reason too, Plaintiffs' claims should be dismissed.  *Jones*, 538 F. Supp. 2d at 1102 (noting that "where a plaintiff brings an FLSA claim '[o]n behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief.'" (citation omitted)).

## B.  Plaintiffs Fail To State A Claim Under the Indiana Minimum Wage Act

### i.)  Plaintiffs' Allegations Demonstrate That No Defendant Is An "Employer" Under the Minimum Wage Act

Plaintiffs' claims under the Minimum Wage Act state no plausible claim for relief because the Complaint's allegations make clear that no Defendant can be an

---

[8] *See also Manning v. Boston Med. Ctr. Corp*, No. 09-11463-RWZ, 2011 WL 796505, at *1 (D. Mass. Feb. 28, 2011) (dismissing FLSA claim where complaint did not allege "even in the most approximate terms, the dates on which each of the named plaintiffs worked during lunch breaks, the aggregate time of those lunch breaks, and the amount of unpaid wages"); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 10 CIV. 2661 PAC, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (dismissing putative collective and class action complaint that failed to include "factual allegations" concerning when "the alleged unpaid wages were earned" or "the number of hours allegedly worked without compensation—the heart of the claim"); *Bailey v. Border Foods, Inc.*, No. 09-1230 (RHK/AJB), 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing FLSA complaint that alleged only that plaintiffs were "systematically deprived of the minimum wage" and did not include factual allegations regarding "their hourly pay rates").

BDDB01 9506141v5

"employer" under that statute.  The Minimum Wage Act excludes from its definition of "employer" "any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938, as amended."  Ind. Code § 22-2-2-3. Plaintiffs specifically allege that each Defendant "is an 'employer' within the meaning of the [FLSA] and Indiana Code § 22-2-2-3." (Compl. ¶ 9.)  And they incorporate this allegation into Counts III and IV, which seek recovery under the Minimum Wage Act.  (*Id.* ¶¶ 41, 43.)

Plaintiffs' allegation that Defendants are their "employer[s]" under the FLSA precludes them from obtaining relief under the Minimum Wage Act.  *See, e.g.*, *Castaneda v. TD Stout Preservation, Inc.*, No. 1:10-cv-0861, 2012 WL 463718, at *4 (S.D. Ind. Feb. 10, 2012) (noting that the Minimum Wage Act does not apply when the FLSA applies); *Kady v. Beg*, No. 1:08-cv-1156, 2010 WL 2291832, at *6 n.4 (S.D. Ind. June 2, 2010) (holding that, under Indiana law, claims for overtime compensation cannot be raised under Indiana's wage law because the FLSA is the exclusive remedy for enforcing rights created under that federal statute); *Birch v. Kim*, 977 F. Supp. 926, 933 (S.D. Ind. 1997) (where plaintiff had alleged and defendant had acknowledged that it was an employer under the FLSA, "Plaintiff's claim under the Indiana Minimum Wage Act may not be viable"); *Edmonds v. Ferralloy Midwest Corp.*, No. 2:07-cv-266 PS, 2009 WL 1605156, at *7 (N.D. Ind. June 3, 2009) (finding defendant employer was covered by the FLSA and thus was not an employer for purposes of Indiana law).  For this reason alone, the Court should dismiss Plaintiffs' Minimum Wage Act claims.

18

ii).   Plaintiffs' Claims Fail Because Minimum Wage Act Claims
Cannot Be Brought Under Rule 23

Plaintiffs' Minimum Wage Act claims fail for the additional, and

independent, reason that they cannot be litigated as a Rule 23 class action.  The

statute establishing a right of action for violations of the Minimum Wage Act

provides, in relevant part, that "[n]o employee shall be a party plaintiff to any such

action unless he gives his consent in writing to become such a party and such

consent is filed in the court in which such action is brought." Ind. Code § 22-2-2-9.

The Minimum Wage Act thus establishes an "opt-in" procedure analogous to

collective actions under the FLSA.  *Hurst v. Town of Merrillville, Ind.*, No. 2:09–

CV–60–PRC, 2009 WL 1605131, at *4 n.2 (N.D. Ind. June 5, 2009) (noting that,

with regard to the opt-in procedure, the "Indiana Minimum Wage Act's language

tracks that of the FLSA").

But Plaintiffs have not pled their Minimum Wage Act claim as an "opt-in"

collective action; they have pled it as an opt-out Rule 23 class action.  (Compl. ¶¶

10-18 (making Rule 23 "state law class allegations").)  This is insufficient to state a

plausible claim for relief.  *See, e.g.*, *Jones v. Casey's General Stores*, 538 F. Supp. 2d

1094, 1105 (D. Iowa 2008) (applying Indiana law and finding because the "express

language of [Ind. Code §22-2-2-9] precludes an action thereunder from proceeding as

a class action," a Rule 23 class action under the Minimum Wage Act "could not be

sustained" under Rule 12(b)(6)).

The Minimum Wage Act's opt-in procedure establishes a substantive right

that is incompatible with Plaintiffs' allegations under Rule 23.  *Dillworth v. Case*

19

*Farms Processing, Inc.*, No. 5:08CV1694, 2009 WL 2766991, at *6 n.6 (N.D. Ohio Aug 27, 2009) (granting motion to dismiss and holding that state overtime statute that established opt-in procedure "modeled explicitly off of the FLSA[]" "create[d] substantive rights, not new procedural requirements");*see also Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 973 (7th Cir. 1998) (cautioning against a result that would "eviscerate[]" the "additional protections of the [opt-in] system compared to Rule 23 'opt out' class actions"). For this reason too, the Court should dismiss Plaintiffs' Minimum Wage Act claims.

## V.  CONCLUSION

For these reasons, the Court should grant Defendants' Motion and dismiss Plaintiffs' FLSA and Minimum Wage Act claims.

BDDB01 9506141v5

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

s/ Ellen E. Boshkoff
Ellen E. Boshkoff (#16365-49)
Amanda L. Shelby, (#27726-49)
Faegre Baker Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
E-mail: ellen.boshkoff@FaegreBD.com
        amanda.shelby@FaegreBD.com

Andrew B. Murphy (#27267-71)
Faegre Baker Daniels LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN  55402
Telephone:  (612) 766-7000
Facsimile:  (612) 766-1600
Email:  andrew.murphy@FaegreBD.com

*Attorneys for Defendants*

21

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> Kimberly D. Jeselskis
> 6515 East 82nd Street
> Suite 207
> Indianapolis, IN  46250
> *kjeselskis@kdjlegal.com*

> s/ Ellen E. Boshkoff

22