UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH STURGEON, individually and on behalf of all others similarly situated, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No. 1:12-cv-1099-WTL-DKL ) |
| AT&T TELEHOLDINGS, INC., *et al.*, | ) ) |
| Defendants. | ) |

**ENTRY ON MOTION TO DISMISS**

This cause is before the Court on the Defendants' motion to dismiss.[1] Dkt. No. 32. The motion is fully briefed, and the Court, being duly advised, rules as follows.

**I.     STANDARD**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

---

[1] AT&T filed a brief in opposition to the Plaintiffs' motion for leave to file an amended complaint, or, in the alternative, renewed motion to dismiss for failure to state a claim. On March 6, 2013, the Court granted the Plaintiffs' motion for leave to file and docketed the Plaintiffs' amended complaint and accompanying exhibits. Dkt. No. 38, 39.

1

## II. BACKGROUND

The facts as alleged in the Amended Complaint (Dkt. No. 39) are as follow. The Plaintiffs worked as field technicians for the Defendants (hereinafter "AT&T") in Indiana and performed work in the areas of construction, engineering, installation, and repair.[2] The Plaintiffs were required by AT&T to work shifts ranging from eight and a half to nine hours each workday. Each shift included an unpaid lunch break of either 30 or 60 minutes.

Technicians, including the Plaintiffs, assigned to underground cable or manhole work were required to remain at the site of the manhole and guard it during the lunch break. Additionally, technicians, including the Plaintiffs, were required to guard other equipment, such as generators, pumps, air compressors, trailers, and splicing equipment and have their cell phones on and be available at all times, including during their lunch breaks.

Technicians, including the Plaintiffs, not assigned to manhole work were allowed to eat their lunches at eating establishments outside of their vehicles, but under heavy restriction as to where. Specifically, technicians must break while en route from one assigned job site to another along GPS-monitored routes prescribed by AT&T, but were prohibited from deviating more than one-half mile from those routes, even in rural areas.

Additionally, the technicians, including the Plaintiffs, were not allowed to eat at establishments at which more than one AT&T vehicle was parked. Technicians, including the Plaintiffs, were allowed to eat packed lunches in the A&T vehicle, but were prohibited from using extra time during an unpaid lunch break for any personal activities such as reading newspapers, magazines, or books in the vehicle, napping, or using personal laptops or CD players.

---

[2] The Complaint suggests that some Plaintiffs may still work for AT&T. For simplicity's sake only, the Court employs the past tense in the following section.

AT&T did not permit these technicians, including the Plaintiffs, to idle their vehicles, and hence prohibited their use of heating or air conditioning in the vehicle during the course of the unpaid lunch break.

Moreover, separate from the restrictions, AT&T's productivity-based performance ranking system put the technicians and the Plaintiffs under significant pressure to work through their unpaid lunch breaks in order to complete as many jobs as possible during each shift.

As a result of the restrictions and ranking system, each Plaintiff regularly worked during his or her unpaid lunch break and therefore allegedly worked in excess of 40 hours per workweek. The Plaintiffs claim in the instant action that the severe restrictions on what they were allowed to do during their breaks– both alone and in combination with pressure to improve performance by using the lunch break to complete more work – render the unpaid lunch breaks compensable under the Fair Labor Standards Act ("FLSA"). AT&T has moved to dismiss the Plaintiffs' claims.

### III.   DISCUSSION

According to AT&T, the restrictions alleged by the Plaintiffs are insufficient to render their lunch period compensable as a matter of law. In response, the Plaintiffs contend that "AT&T is simply wrong in concluding that company 'restrictions' on what is suppose[d] to be a *bona fide* break cannot constitute compensable claims under the FLSA and blatantly ignores the case law that recognizes this principle." Pls.' Resp. at 5, No. 40.

The FLSA requires employers to pay overtime to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a). The accompanying regulations provide that "bona fide meal periods are not worktime" and "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." 29 C.F.R. § 785.19(a). This Circuit has adopted the

3

"predominant benefits" test for determining whether meal periods are work periods. "Under this test, a meal period is not work time if the employee's time is not spent predominantly for the benefit of the employer." *Alexander v. City of Chicago*, 81 F.3d 704, 710 (7th Cir. 1993).

The Plaintiffs are correct that restrictions alone may satisfy this test. Under the regulations, an employee who is restricted to his or her desk or production-line machine is deemed working while eating. 29 C.F.R. § 785.19(a). However, when the restrictions at issue fall below this standard – really, the strictest of limitations – the inquiry focuses not on those restrictions, but how the employee predominantly spends his or her time. *See* 29 C.F.R. 785.19(b) ("It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period."); *Barefield v. Vill. of Winnetka*, 81 F.3d 704, 710 (7th Cir. 1996) ("Plaintiffs do not allege that the civilian employees had *any* duties during their meal period." (emphasis in original)). Indeed, even in *Alexander*, the Plaintiffs alleged that, during their meal periods, they were "required to respond to emergencies and requests for assistance by the public" and were "subject to report and review by inspectors during meal periods." 994 F.3d at 335; *see also id.* at 340 (remanding for further factual development of "whether officers are unable to comfortably and adequately pass the mealtime because their time or attention is devoted primarily to official responsibilities"), 341 (Crabb, J., concurring) ("It is the allegation of frequent interruptions that raises the possibility that the officers could show that their 'attention is devoted primarily to official responsibilities' during meal periods.").

Thus, as explained in the analysis above, the focus of the inquiry is not what the Plaintiffs could not do, but what they did do. *See Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 729 F. Supp. 2d 1038, 1063 (S.D. Iowa 2010). Here, the Plaintiffs allege that they guarded manhole

covers and equipment and/or drove to the next stop on their route.³ AT&T admits that guarding manholes and equipment may be sufficient to state a claim, Defs.' Br. at 6, No. 32, and likewise admits that driving "arguably identifies a work task," *id.* at 22. Thus, the Plaintiffs have alleged that they performed a task during a meal period that may meet the predominant benefits test. At this stage, this is all that is required, and the Plaintiffs' claims are not subject to dismissal on this basis.

One additional argument bears mention. AT&T also argues that the Plaintiffs' allegations are otherwise too non-specific to state a plausible claim. The Court agrees that the manner in which the Plaintiffs have pled their claims could be read to suggest that only some of the Plaintiffs guarded equipment and/or drove while eating. However, the Plaintiffs' complaint nevertheless puts AT&T on notice of the claims against it. Furthermore, in the context of an alleged collective action, this problem is best raised in a motion addressing the collective action allegation, which AT&T has not yet filed.

## IV.     CONCLUSION

For the foregoing reasons, the AT&T's motion to dismiss is **DENIED**. The Court notes that the parties have not yet filed a Case Management Plan with the Court pursuant to Local Rule 16-1(b)(1). **A Case Management Plan must be filed with the Court within 30 days of the date of this Entry.**

SO ORDERED:   06/17/2013

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

³ The fact that driving on one's lunch break is not "required" may not be determinative. 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time.").